DANIEL HENDERSON, RAE HENDERSON AND JENNIE STANCIL, PLAINTIFFS, v. ABBOTTS ALDERNEY DAIRIES, INCORPORATED, DEFENDANT.

Submitted February 2, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Samuel P. Orlando.*

*Contra, Leroy W. Loder* and *Samuel T. French.*

PER CURIAM.

This is defendant's rule to show cause why the plaintiffs' verdicts obtained April 25th, 1930, in the Cumberland Circuit, should not be set aside. The verdict in favor of Daniel Henderson was $2,000; that in favor of Rae Henderson was $15,000, and that in favor of Jennie Stancil was $10,000.

That was the second trial of this cause, the verdicts for the plaintiffs at the first trial having been set aside on rules to show cause, apparently for the reason, among others, that as to the verdict in favor of the husband of Mrs. Stancil (then but not now a party) it was in disregard of the charge of the court.

The evidence at this trial reasonably tended to show that on July 5th, 1926, Rae Henderson and Jennie Stancil were riding on the Millville-Bridgeton pike in an automobile owned by Daniel Henderson and being driven by one Frank Tarri. They were traveling in the direction of Bridgeton at a speed estimated variously at from twenty to twenty-five miles an hour, and while thus proceeding, the defendant's truck, without any warning or signal of any kind, suddenly came out of a byroad known as Carmel road which comes to an end at the place of collision. The truck was a large and heavy truck. The intersection was more or less obstructed by vegetation and foliage. The truck came out, according to witnesses, fast, and the driver thereof undertook to make a left-hand turn towards Millville, in the face of the plaintiff's car, and so almost completely blocking the highway. The driver of the plaintiffs' car applied his brakes, but was unable to avoid collision with the truck which was then occupying a position on the highway at an angle of forty-five degrees, and the impact occurred as the plaintiffs' car reached a point from five to ten feet on the Millville side of the intersection. In the impact plaintiffs' car was smashed in the front and Rae Henderson and Jennie Stancil riding therein were injured.

We think it was competent for the jury to find, as it did, that the driver of defendant's truck was negligent. He testified that he stopped his truck and looked both ways; that towards Bridgeton he could see plainly, the road being a perfectly straight road; that towards Millville he could see about two hundred feet, although his view was somewhat obstructed; that as he proceeded to a point of clear view he was busy shifting his gears.

We think it was also competent for the jury to determine that the driver of plaintiffs' car was not guilty of contributory negligence.

It is therefore clear that the verdicts cannot be disturbed by reason of the refusal of the trial judge to nonsuit, nor by reason of the refusal of the trial judge to direct a verdict for the defendant. We think also that the verdicts cannot be disturbed upon the ground that the verdicts are against the great weight of the evidence on the question of liability.

But we think that the verdicts are plainly excessive. In our judgment the testimony with respect to the injury to the car of the plaintiff Daniel Henderson does not warrant a judgment in excess of $1,500.

The plaintiff Jennie Stancil kept a boarding house at Bivalve; she apparently was fifty-one years of age at the time of the accident and was married. No doubt she was seriously injured. She remained in the hospital for about two weeks and was thereafter treated at her home by her family physician at an expense of $121, and by another physician at an expense of $25, and by another physician at an expense of $12, with some other incidental expenses. She no doubt has experienced considerable pain and suffering as a result of the accident. Admittedly, her health at the time of the trial was not good, but it likewise appears that her health had not been good prior to the accident. Considering all of the testimony relative to both past and future results of the accident, we think that it plainly will not justify a recovery in excess of $6,000.

As to Rae Henderson, she, too, no doubt, was seriously injured. She, too, was taken to the Millville hospital and

there remained for about two weeks. The evidence tends to show that her injuries were principally a fracture of the left leg just above the ankle and injuries to her bladder. The fracture of the leg was a serious one and it resulted in an expenditure of upwards of $525 in order to effect a cure, which had not been completed up to the time of the trial, with more or less indication of permanent disability of the ankle. She at the time of the trial was a widow and approximately fifty-three years of age. Considering the testimony with respect to her injuries, and possible duration and normal results thereof, so far as they can be gathered from the testimony, we think it is clear that the extent of recovery warranted by the proof is $10,000.

As to each plaintiff who consents to a reduction of his or her verdict to the figures herein above named the rule will be discharged; as to each plaintiff who fails to so consent, the rule will be made absolute.